UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-

VALENTINE CHRISTIAN,

        Plaintiff,

    -v-

TOWN OF RIGA,
TIMOTHY MCELLIGOTT,
TIMOTHY ROWE,
PETER BRUNDAGE,
PAMELA MOORE,
EDGAR MOORE,
DAVID PANIK,
STEPHEN TRENTON,
MATHEW CHAPMAN,
TOWN OF GREECE,
GEORGE BECKER,
TOWN OF RIGA ZONING BOARD
OF APPEALS,
JANE KRESS,
DAVID WARD,
FRED O'BRIEN,
RICHARD ALDRICH,
STEWART LANCASTER,
MARY MAYNARD,
KENNETH KUTER,
JAMES FODGE,
ROBERT OTTLEY, and
DAVID SMITH,

        Defendants.

**DECISION AND ORDER**
08-CV-6557T

Plaintiff Valentine Christian, proceeding *pro se*, has filed this action seeking relief pursuant to 42 U.S.C. § 1983 and RICO, and has paid the filing fee.

He alleges that "the Defendants have violated the Plaintiff's civil rights, denying due process, violating equal protection, and threatening retribution for the Plaintiff seeking remedy" (Docket No. 1, p. 4 ¶ 1) and that fraudulent acts transpired in the mail and wires (Docket No. 1, p. 4 ¶ 2). He is seeking full value of any bond or insurance, and the ability to build and operate a residential windmill. In support of his claims, plaintiff states that on December 7, 2005 he applied for a Building Permit through Building Inspector McElliot, and that on December 9, 2005 McElliot denied the application, citing a number of reasons.

"It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal citations omitted). Moreover, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Id.*; *see also* Fed.R.Civ.P. 12(b)(1) and 12(h)(3). Further, "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances." *Fitzgerald v. First East Seventh Street Tenants Corp.* 221 F.3d 362, 364 (2d Cir. 2000).

"Federal question jurisdiction exists where a wellpleaded complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question

of federal law." ' *Greenberg v. Bear, Stearns & Co.,* 220 F.3d 22, 25 (2d Cir. 2000) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983)). Here, plaintiff has only alleged that Building Inspector McElliott made a decision denying plaintiff's permit application, and that plaintiff did not agree with the denial. These allegations do not implicate any constitutional or statutory provision. Additionally, plaintiff has not alleged any involvement on the part of any defendant other than McElliot.

Thus, these allegations fail to provide the requisite notice of the claim as required by Rule 8 of the Federal Rules of Civil Procedure, and fail to set forth a claim upon which relief can be granted. Recent case law regarding pleading requirements has "reiterated that '[s]pecific facts are not necessary,' and that the complainant 'need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Boykin,* 521 F.3d at 214 (quoting *Erikson*) (internal quotations omitted). Thus, while the *pro se* complaint is liberally construed, the complaint must provide notice of the claim and the grounds upon which it rests. The complaint here fails to meet these minimal notice requirements.

Additionally, plaintiff's conclusory allegation of a constitutional violation, without more, fails to state a claim upon which relief may be granted. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain

some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning"); *see also Brown v. City of Oneonta*, 106 F.3d 1125, 1133 (2d Cir. 1997) (complaints containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief); *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone"). Here, plaintiff has merely listed constitutional provisions in his complaint, without any factual support. Therefore, plaintiff has not set forth a claim upon which relief can be granted.

The Court notes, however, that plaintiff intends to amend the complaint to include specific detail and exhibits. *Pro se* plaintiffs, whether fee-paying or proceeding *in forma pauperis*, should be afforded the opportunity to amend a complaint "prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000).

Accordingly, plaintiff is afforded an opportunity to file an amended complaint by **January 29, 2009** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Dec. 24, 2008