UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VALENTINE CHRISTIAN,

                Plaintiffs,              08-CV-6557

       v.                                  **ORDER**

TOWN OF RIGA et al.,

                Defendants.
_____

By Decision and Order dated August 17, 2009, this Court dismissed plaintiff, Valentine Christian's ("plaintiff"), complaint and denied his motion to amend the complaint. See Christian v. Town of Riga, 649 F. Supp. 2d 84 (W.D.N.Y. 2009). Plaintiff, proceeding *pro se*, initially brought this action against the Town of Riga and numerous town officials and zoning board members[1], in their

---

[1] Defendants named in the Amended Complaint are as follows: Town of Riga; Timothy McElligott, in his individual capacity and official capacity as Building Inspector for the Town of Riga; Timothy Rowe, in his individual capacity and official capacity as Town Supervisor, and member of the Town Board, Town of Riga, in 2005; Peter Brundage, in his individual capacity and official capacity as a Town Board member, Town of Riga, in 2005; Pamela Moore, in her individual capacity and official capacity as a Town Board member in 2005, and as Town Supervisor 2006 to 2007, for the Town of Riga; Edgar Moore, in his individual capacity and official capacity as a member, co-chair and chairperson of the Wind Committee, Town of Riga; David Panik, in his individual capacity and official capacity as a member and chairperson of the Wind Committee, Town of Riga; Stephen Trenton, in his individual capacity and official capacity as Building Inspector for the Town of Riga; Matthew Chapman, in his individual capacity and alleged official capacity as Building Inspector for the Town of Riga; Town of Greece; George Becker, in his individual capacity and official capacity as chairperson of the Planning Board, Town of Riga; Town of Riga Zoning Board of Appeals ("ZBA"); Jane Kress, in her individual capacity and official capacity as a member and acting chairperson of the ZBA, Town of Riga; David Ward, in his individual capacity and official capacity as member and chairperson of the ZBA, Town of Riga; Fred O'Brien, in his individual capacity and official capacity as member of the ZBA, Town of Riga; Richard Aldrich, in his individual capacity and official capacity as a member of the ZBA, Town of Riga; Mary Maynard, in her individual capacity and official capacity as member of the ZBA, Town of Riga; Kenneth Kuter, in his individual capacity and official capacity as a member of the Town Board, as

1

official and individual capacities, alleging numerous counts related to the denial of his application for a permit to erect a 149 foot tall tower with a wind turbine and an antenna for a ham radio. This Court found that plaintiff lacked standing to sue with respect to several counts, as they were New York and Federal criminal statutes which did not provide for a private right of action, that plaintiff failed to plead and prove compliance with Notice of Claim requirements under New York State Law with respect to his tort claims against the Town of Riga, and that plaintiff failed to state a claim upon which relief can be granted for the remainder of the allegations in the complaint[2]. This Court also denied plaintiff leave to amend his complaint with respect to certain RICO violations, as such relief would be futile because plaintiff could not state a claim for RICO violations on the facts presented.

---

Deputy Supervisor and as Supervisor, Town of Riga; James Fodge, in his individual capacity and official capacity as member of the Town Board, Town of Riga; Robert Ottley, in his individual capacity and official capacity as member of the Town Board, Town of Riga; David Smith, in his individual capacity and official capacity as member of the Town Board, Town of Riga (collectively "defendants"). See Am. Comp., The Parties ¶¶ 3-24)

[2] Plaintiff's 24 count complaint alleged claims for trespass, common law fraud, mail fraud, wire fraud, official misconduct, conspiracy, denial of right under color of law, denial of due process and equal protection, false advertising, and violations of the Racketeer Influenced Corrupt Organizations Act (RICO). In its decision to dismiss plaintiff's claims, this Court noted that plaintiff, even though proceeding *pro se*, was subject to Rule 11 of the Federal Rules of Civil Procedure, which prohibits parties from raising claims which are not warranted by existing law or which constitute frivolous arguments. The Court also reminded plaintiff that he could be subject to sanctions for bringing such frivolous claims, despite the fact that he was proceeding *pro se*, and had he been represented by an attorney, this Court would have issued an Order to Show Cause why this Court should not impose sanctions under Rule 11 for bringing frivolous arguments with no basis in law. This Court again reminds plaintiff that frivolous arguments will not be tolerated by the Court.

Plaintiff appealed this Court's August 2009 Order to the United States Court of Appeals for the Second Circuit. The Second Circuit dismissed the appeal as it "lack[ed] an arguable basis in law or fact." See (Docket #27). Plaintiff then filed this motion pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure ("Rule 60(b)(2)), for relief from this Court's Order, based on newly discovered evidence, an affidavit from Stewart J. Lancaster, a member of the Town of Riga Zoning Board of Appeals("ZBA"). (Docket #28). Plaintiff also seeks leave to file a second amended complaint. Id.

It is well settled that a party may not seek to vacate a judgment or seek reconsideration of a court's decision simply to re-litigate issues which the court has already decided. See Donovan v. Sovereign Secs. Ltd., 726 F.2d 55 (2nd Cir. 1984). As a general principle, a court will not reconsider a decision already issued unless there has been an intervening change in the controlling law, new evidence has been made available, or there is a need to correct a clear error or to prevent injustice. Fiore v. MacDonald's Corp., 1996 WL 331090 (E.D.N.Y. 1996), citing Doe v. New York City Dep't of Soc. Svcs., 709 F.2d 782, 789 (2nd Cir.) cert. denied 464 U.S. 864 (1983); North River Ins. Co.v Philadelphia Reinsurance Corp., 63 F.3d 160, 165 (2nd Cir. 1995), cert. denied 116 S.Ct. 1289 (1996)["A court should be 'loath' to revisit an earlier decision in the absence of extraordinary

3

circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" (citations omitted)]. Rule 60(b)(2) provides that a party may move for relief from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." See United States v. International Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir.2001). Such a motion is "generally not favored and is properly granted only upon a showing of exceptional circumstances." Id. The party moving for relief must meet an "onerous standard." Id. at 392. Specifically, the movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching. Id.

Plaintiff argues that this Court should reconsider its decision to dismiss plaintiff's complaint based on an affidavit that he now submits from ZBA member Stewart J. Lancaster. This evidence does not meet the standard of "newly discovered evidence" under Rule 60(b) as the plaintiff has not shown that he could not have obtained such evidence with due diligence prior to this court's Order, that such evidence would have changed the outcome of

this case or that it is not merely cumulative. Plaintiff provides no reason why this evidence was not previously available to him, and he does not describe any efforts made by him to uncover such evidence. Additionally, Lancaster's affidavit does not provide evidence that would change the outcome of this case, as it merely gives examples of situations where he believes permits were issued improperly or where others were allowed to build ham radios. These allegations do not provide support for plaintiff's claim that his permit was improperly denied or, even if it was, that his constitutional rights were violated. The affidavit merely underscores, in conclusory fashion, some of the factual allegations in the complaint that this Court determined were insufficient to support plaintiff's claims for relief. This Court, therefore, denies plaintiff's request for relief from this Court's August 2009 Order pursuant to Rule 60(b).

This Court also denies plaintiff's request to amend his complaint, as leave to amend is only proper where the previously entered judgment has been vacated pursuant to Rule 60(b). See National Petrochemical Co. Of Iran v. M/T Stolt Sheaf, 930 F. 2d 240 (2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint"); See also Freeman v. Continental Gin Co., 381 F.2d 459 (2d Cir. 1967)(Quoting Friedman v. Transamerica Corp., 5 F.R.D. 115, 116 (D.Del., 1946) ("A busy

district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.'")). Therefore, plaintiff's request to amend the complaint is denied.

For the reasons set forth above, plaintiff's motion for reconsideration pursuant to Rule 60(b) and plaintiff's request to amend the complaint are hereby denied.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA

United States District Judge

DATED:   Rochester, New York
         October 19, 2010

6